UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
THE ESTATE OF JEAN RAPHAEL BY        :
ADMINISTRATRIX BERNADETTE RAPHAEL-  :
CLARK,                               :
                                     :
                                     :           **ORDER**
            Plaintiff,               :        17 Civ. 6497 (VMS)
                                     :
    -against-                        :
                                     :
AVIS INDUSTRIAL CORP., JAMES N.      :
SUMMERS and THE HARRIS WASTE         :
MANAGEMENT GROUP, INC.,              :
                                     :
            Defendants.              :
------------------------------------------------------------ x

**Vera M. Scanlon, United States Magistrate Judge:**

　　　　Plaintiff the Estate of Jean Raphael by Administratrix Bernadette Raphael-Clark report that the parties have agreed to settle Plaintiff's diversity negligence action for $575,000.00 (inclusive of fees and costs) against Defendants Avis Industrial Corp., James N. Summers and The Harris Waste Management Group, Inc., arising from a motor vehicle accident in which a vehicle in Defendants' control collided with the person of Plaintiff's decedent and caused personal injury but not wrongful death.  See ECF No. 1 (original complaint alleging personal injury damages); ECF No. 14 (amended complaint, same); ECF No. 28 (granting motion to substitute Estate of Jean Raphael as Plaintiff on the operative personal-injury-damages complaint); ECF No. 33; ECF No. 34.  Plaintiff moves unopposed for an order approving the settlement and granting an award of attorneys' fees and costs pursuant to Section 5-4.6 of New York's Estates, Powers and Trusts Law ("EPTL") and Local Civil Rule 83.2(b).  See ECF No. 34.  The motion is denied for the following reasons.

　　　　Local Civil Rule 83.2(b) provides that "[i]n an action for wrongful death or conscious pain and suffering of the decedent . . . where required by statute or otherwise, the Court shall

1

apportion the avails of the action, and shall approve the terms of any settlement." Local Civ. R. 83.2(b)(1). It also provides that "[t]he Court shall approve an attorney's fee only upon application in accordance with the provisions of the New York State statutes and rules." Loc. Civ. R. 83.2(b)(2).

Article 5, Part 4 of New York's EPTL is the state's wrongful-death statute. See N.Y. E.P.T.L. Art. 5, Part 4, Main Commentary. Among its provisions is Section 5-4.6 which, as relevant here, was amended in 2005 to permit a court other than the New York State Surrogate's Court to approve the compromise of "an action for wrongful act, neglect or default causing the death of a decedent[.]" N.Y. E.P.T.L. § 5-4.6(a). The 2005 amendment's legislative history states that the purpose of the bill that was signed into law by the Governor was "to provide for the court to order the prompt disbursement of settlement proceeds in wrongful death cases." NYS Bill & Veto Jackets: 2005, Ch. 719 (NYSA_12590-06_L2005_Ch0719), available at https://digitalcollections.archives.nysed.gov/index.php/Detail/objects/28421 (last accessed Oct. 20, 2021). The bill's justification explains that, although a Surrogate's Court review of wrongful-death settlements was "to safeguard the interests of the distributees[,]" "[t]his legislation balances the need to assure proper review of distribution of proceeds of a wrongful death settlement with the interests of those expecting payment from the settlement." Id. In an action with both "wrongful death and personal injury claims" among its allegations, Section 5-4.6 settlement approval still applies, but a court other than the Surrogate's Court "should, even if it approves the overall settlement amount, leave the allocation [of wrongful death and personal injury damages] to the Surrogate's Court[.]" N.Y. E.P.T.L. § 5-4.6, 2011 Supplementary Practice Commentaries. This is because there may be issues that arise when a court that is not the Surrogate's Court, "without notice to potential creditors of the estate, allocates . . . entire

settlement proceeds to wrongful death." In re Torres, 905 N.Y.S. 2d 844, 845 (N.Y. Surrogate's Court, Bronx Cnty., June 2, 2010). For example, although personal-injury damages may be subject to an estate creditor's claim, the same is not true for wrongful-death damages which "belong to the decedent's distributees, individually, for the pecuniary injuries suffered by them as a result of the decedent's death." Id. (noting that estate creditor had no right to recover from the decedent's distributees). It is similarly for the Surrogate's Court to determine what attorney fees are related to wrongful-death damages or are unrelated to the wrongful-death proceeding in a hybrid case "and thus allocable against the net estate before distribution." In re Haag, 43 N.Y.S.3d 870, 877-78 (N.Y. Surrogate's Court, Broome Cnty., Dec. 15, 2016).

Plaintiff argues that Section 5-4.6 requires the Court to approve the settlement, attorney's fees and costs in this case such that Local Civil Rule 83.2(b) also applies. See ECF No. 33 (citing EPTL § 5-4.6); ECF No. 34 (same). The Court disagrees because this is solely a personal-injury action unaccompanied by any wrongful-death claim. See ECF No. 33 (stating that although Plaintiff's decedent suffered personal injuries as a result of the accident at issue, Plaintiff's decedent subsequently "passed away due to unrelated causes"); ECF No. 34 (same); ECF No. 32 (the parties' joint request for conference stating that Plaintiff's decedent "passed away for reasons unrelated to the occurrence"); see also ECF No. 1 (original complaint alleging solely personal injury damages prior to the death of Plaintiff's decedent); ECF No. 14 (amended complaint alleging solely personal injury damages prior to the death of Plaintiff's decedent); ECF Nos. 18-19 (filings pertaining to the death of Plaintiff's decedent); ECF No. 27 (substitution of Plaintiff for decedent without amending the operative complaint to add wrongful-death claim). Plaintiff has not alleged that this claim is "for wrongful act, neglect or default causing the death of a decedent." Plaintiff thus has not shown that the statute or Local Rules applies. See E.P.T.L.

§ 5-4.6; Loc. Civ. R. 83.2(b); Haag, 43 N.Y.S.3d at 878 ("The legislature enacted [Section 5-4.6] to confirm the procedure for trial counsel to obtain timely compensation for their efforts in wrongful death matters. The procedures in that statute are intended to be strictly adhered to by practitioners seeking relief in . . . Federal Court.").

Although the Court denies Plaintiff's motion, given the reported settlement, on or before December 31, 2021, the parties are to file the necessary papers to close the case or a status report. Plaintiff is reminded that she must comply with previous orders of the Surrogate's Court. See, e.g., ECF No. 34, Exh. B.

Dated:  Brooklyn, New York
        October 27, 2021

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge
